IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darry Lynn Porter, #284030, | ) | C/A No.: 1:11-3416-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] alleging that his sentence has not been properly calculated. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

According to the Petition, Petitioner was released on probation when he was arrested on June 12, 2006, pursuant to warrants for burglary, grand larceny, and

---

[1] Circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed when challenging something other than the underlying state conviction. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. The Fourth Circuit noted the split of authority in *Gregory v. Coleman,* No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007). However, it does not appear that the Fourth Circuit has issued an opinion taking a definitive stance on the issue.

possession of a controlled substance. [Entry #1-2 at 6; #1-4 at 4]. Several days later, Petitioner was charged with a violation of his probation. [Entry #1-2 at 3; #1-4 at 4]. On August 28, 2006, Petitioner was ordered to serve an additional six years upon his probation revocation. [Entry #1-5 at 6]. On May 23, 2007, the Honorable D. Garrison Hill received Petitioner's plea of guilty to three counts. [Entry #1-2]. Petitioner remained continuously incarcerated from his June 12, 2006 arrest. *Id*. at 3.

At the plea colloquy, Judge Hill sentenced Petitioner to two five-year terms on grand larceny and burglary charges, to run consecutively to the six-year probation revocation sentence Plaintiff was serving at the time.[2] *Id.* at 4. When Petitioner asked if he would receive credit for the time he had served in jail, Judge Hill answered affirmatively, but added that the South Carolina Department of Corrections ("SCDC") would calculate the credit. *Id.* at 3. Upon notification of his projected release date, however, Petitioner noted that SCDC had not credited his five-year sentences[3] with the pre-plea jail time. [Entry #1-4 at 1].

Thereafter, Petitioner requested an order from Judge Hill clarifying that he be given credit for jail time beginning on June 12, 2006. Judge Hill issued an "Order Clarifying Sentence," dated September 4, 2008, which credited Petitioner with time served from August 28, 2006, the date of his probation revocation. [Entry #1-5 at 4].

---

[2] On the third charge, Petitioner received a sentence of six months, suspended on time served. [Entry #1-2 at 4].

[3] Initially, SCDC calculated Petitioner's five-year sentences running consecutively, but this issue was resolved. [Entry #1-3 at 4; Entry #1-5 at 3–4].

Upon Petitioner's second request, Judge Hill issued a "Supplemental Order Clarifying Sentences," dated October 21, 2008, which specified that Petitioner "shall receive 269 days credit for time served (i.e. August 28, 2006 to May 23, 2007) on the [grand larceny and burglary] charges." *Id*. at 5.

On October 20, 2008, Petitioner filed an SCDC grievance requesting the credit toward his five-year sentences.[4] [Entry #1-1]. The response, dated December 12, 2008, explained that in order to receive credit, Petitioner's five-year sentences would have had to run concurrent with, rather than consecutive to, his six-year sentence. *Id.* Petitioner indicated he would appeal the response. *Id.*

On October 26, 2008, Petitioner filed a "Request to Staff Member" to challenge his sentence computation. *Id.* at 11. The SCDC response explained to Petitioner, *inter alia*, that he received credit for time served upon his six-year sentence. *Id.* Petitioner then filed a Step 2 grievance, which SCDC denied in April 2009. *Id.* at 4. Although Petitioner appealed to the Administrative Law Court on May 20, 2009, Administrative Law Judge Carolyn Mathews dismissed his appeal as untimely. *Id.* at 5,

Petitioner initiated another grievance on August 30, 2010, which SCDC refused to process because the same issue had been previously addressed. [Entry #1-1 at 8]. On October 14, 2010, Petitioner filed another grievance, and again filed a Step 2 grievance. *Id.* at 9. SCDC resolved this grievance on March 29, 2011, stating that the issue had been

---

[4] Petitioner acknowledged that he received jail time credit on his six-year sentence. *See* [Entry #1-1 at 2].

addressed repeatedly and would not be addressed again. *Id.*  Petitioner again filed an appeal to the Administrative Law Court, but, Administrative Law Judge John MacLeod dismissed the appeal as improper on November 5, 2010, as Petitioner's issue had been addressed in three previous grievances. *Id.* at 7.

Petitioner also filed a "Motion to Enforce Court's Prior Order" with the Greenville County Court of General Sessions. [Entry #1-1 at 10].  Judge Hill denied this motion on July 20, 2011, concluding that the court lacked jurisdiction to change Petitioner's sentence, and adding that SCDC had exclusive authority to calculate the sentence, citing S.C. Code Ann. § 24-13-40. *Id.*  Petitioner then filed an appeal with the South Carolina Court of Appeals in September 2011, but does not yet have a decision from that court. [Entry #1 at 6, 8, 12].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is

evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

      B.    Analysis

Petitioner claims that SCDC is refusing to credit his five-year terms with time he served in jail before being sentenced to those terms. He asks that SCDC be required to adjust his release date to reflect the credit of 294 days.

Petitioner shows that he has filed motions with his sentencing judge in the Greenville County Court of General Sessions, grievances with SCDC, and appeals with the administrate law court. He states that he is currently awaiting the results of an appeal to the state appellate court. Thus, the instant petition is subject to dismissal for failure to exhaust administrative and/or state remedies.

The habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Similarly, although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his

5

administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). As Petitioner is still awaiting the results of his appellate court action, he has not yet exhausted his available state remedies. Hence, Petitioner fails to state a cognizable claim under, or meet the exhaustion requirement for, a habeas action under either § 2254 or § 2241. As such, summary dismissal is appropriate.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

January 20, 2012                                         Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).