IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darry Lynn Porter, | ) | Civil Action No. 1:11-cv-3416-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Evans Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. Petitioner claims that the South Carolina Department of Corrections ("SCDC") incorrectly credited time served towards his sentence. The Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss the petition in this case without prejudice and without issuance and service of process. (Dkt. No. 16). Petitioner has filed objections to the R&R and several letters with the Court. (Dkt. Nos. 18, 21, 22 & 23). As explained herein, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's claims without prejudice.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a

---

[1] The Magistrate Judge notes that it appears that the Fourth Circuit has not yet taken a definitive stance on whether 28 U.S.C. § 2254 or § 2241 is the proper vehicle when a state inmate is challenging something other than the underlying state conviction. However, the Court notes that under either statute, the outcome is the same because Petitioner has failed to exhaust his state remedies.

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

As the Magistrate Judge outlines, Petitioner has several state court actions pending related to the issue of whether his sentences were properly calculated by SCDC. In Petitioner's objections, he acknowledges that he is currently awaiting the resolution of his appeal from the Greenville County Court of General Sessions' denial of his "Motion to Enforce Court's Prior Order", which was filed September 9, 2011, and he has also filed appeals with the administrative law court. (Dkt. No. 18 at 5; Dkt. No. 18-2). Petitioner also acknowledges that "he has not exhausted his state remedies and fails to meet [] exhaustion requirement under the broad rule for Habeas Corpus action under § 2254 and 2241" but asserts that "when the state corrective process is ineffective" he "can circumvent the state courts" and pursue his remedy in this Court. *Id.* at 5.

Petitioner filed another letter with the Court on February 22, 2012, seeking relief related to SCDC's alleged failure to give sentence related credits, for which he filed a Step One grievance with SCDC. (Dkt. No. 21). Petitioner alleges that this grievance is now in a Step Two process. (Dkt. No. 21 at 1).

In a subsequent filing, Petitioner asserts that his legal mail was opened in his absence and that he has filed a grievance with SCDC regarding the same. (Dkt. No. 22).[2] The Court notes

---

[2] Petitioner also claims that he was not provided with a stamped copy of pages 2 and 3 of his filing in Dkt. No. 21. (Dkt. Nos. 22 and 23). The Court advises Petitioner that to the extent he wishes to obtain a copy of his filing for his records, the charge is $.50 per page. Copies of court documents "may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents." *U.S. v. Gallo*, 849 F.2d 607 at *1 (4th Cir. 1998)(unpublished table decision). Thus to the extent that Petitioner requests a copy at government expense, he has not demonstrated a particularized need. If in the future Petitioner would like a copy of a filing provided to the Court, Petitioner may send an original and a copy of the document to be filed to the Court along with a self-addressed, stamped envelope. Petitioner must ensure that the stamped envelope is sufficient to cover the weight of the package to be mailed (i.e., include multiple stamps if the document to be filed is large).

that "[l]egal mail generally may not be opened outside of the presence of the prisoner-addressee. . .[h]owever, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim or show actual harm by the opening." *Woods v. County of Wilson*, 2012 WL 777152 at *5 (E.D.N.C. 2012). While the Court notes that Petitioner has not shown actual harm, Petitioner has not exhausted his administrative remedies regarding the same nor has Petitioner demonstrated that he would be able to pursue this allegation as a federal habeas claim. *See* 28 U.S.C. § 2254(a)(". . .a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" shall be entertained "only on the ground that he in custody in violation of the Constitution or laws or treaties of the United States.").

In this case, Petitioner readily admits that he has failed to exhaust his state remedies. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006)("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's appellate review process."). Though it is not jurisdictional, the exhaustion requirement "is strictly enforced." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006). Having conceded that he has not properly exhausted his state remedies in his objections and subsequent filings, the Court agrees with the sound reasoning of the Magistrate Judge.

## CONCLUSION

After a thorough review of the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in its entirety as the Order of this Court and Petitioner's

claims are **DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

March 1, 2012
Charleston, South Carolina